# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARIA CINTRON,**

        **Plaintiff,**

**-vs-**                                  **Case No. 6:06-cv-1056-Orl-19UAM**

**COMMISSIONER OF THE SOCIAL**
**SECURITY ADMINISTRATION,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PETITION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b) (Doc. No. 18)** |
| **FILED:** | **October 15, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    Plaintiff's counsel, Bradley K. Boyd, moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). That section provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such

> judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. §406(b)(1)(A). The Social Security Act provides the "exclusive regime" for obtaining fees from successful benefits claimants. *Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96 (2002). As the fees are withheld from the claimant's past-due benefits, the Commissioner has no direct financial stake in Section 406(b) motions. Rather, the Commissioner's role in the fee determination process is akin to that of a trustee for the claimant. *Id*. at 798 n.6. The Court's role is to serve as "an independent check" to determine whether the fee agreements between claimants and their attorneys yield a reasonable result in a particular case. *Id*. at 807.

As the Commissioner has filed no response to the motion, the Court infers that the Commissioner has no objection to the motion on the claimant's behalf.[1] An award of fees pursuant to § 406(b) is permissible following a claimant's success on a Sentence Four remand to the Commissioner, as in this case. *Bergen v. Comm'r*, 454 F.3d 1273, 1277 (11th Cir. 2006). The Court finds that Boyd's request for fees in this case yields a reasonable result given the quality of the representation and the amount of the fee in relation to the time he actually spent on the case.

Plaintiff entered a contingent fee agreement with Boyd that provides for a fee of 25% of all past-due benefits awarded. Doc. 18-3 at ¶ II. The Social Security Administration has awarded Plaintiff $26,145 in past-due benefits (Doc. 18-2 at 4, rounding up to the nearest dollar), thus entitling Boyd to a fee of $6,536.25. As the Social Security Administration already withheld $5,300 from past-

---

[1] The Court takes note that the Commissioner referred Plaintiff's counsel to *Bergen v. Comm'r of Social Security*, 454 F.3d 1273 (11th Cir. 2006), regarding the timeliness of the fee petition. The Eleventh Circuit, however, did not determine when the fourteen-day period for filing the fee petition commenced and, in the absence of an objection by the Commissioner, held that the petition was timely. *Id*. at 1277-78. Similarly, in the absence of an objection here, the Court should find the petition was filed timely.

due benefits and paid that amount to Boyd for attorneys' fees incurred at the administrative level (Doc. 18-2 at 4), Boyd may only recover $1,236.25 for his 5.11 hours of work before this Court.

Further, because the Court has entered an attorneys' fee award of $685.17 pursuant to the Equal Access to Justice Act, Boyd must refund to Plaintiff the smaller fee awarded. *Gisbrecht*, 535 U.S. at 796. *See also, McGraw v. Barnhart*, 450 f.3d 493, 497 n.2 (10th Cir. 2006) (the proper procedure is for the attorney to refund the smaller EAJA award to the client, not to deduct the EAJA fee amount from the § 406(b) award). The refund of the EAJA award to the Plaintiff effectively increases the amount of past-due benefits the claimant will receive and is consistent with Congressional intent. *See, Gisbrecht*, 535 U.S. at 796.

**IT IS RECOMMENDED THAT:**

1. The Court grant Boyd's motion for attorney's fees pursuant to 42 U.S.C. § 406(b), and enter judgment in his favor in the amount of $1,236.25.

2. The Court direct the Commissioner of Social Security to certify the amount of $1,236.25 for payment out of the amount of Plaintiff's past-due benefits, and to direct the payment to Bradley K. Boyd.

3. The Court direct Boyd to refund to Plaintiff the amount of $685.17, which represents the amount awarded pursuant to the Equal Access to Justice Act. The refund shall be made no later than thirty days after the Court enters judgment on this motion for attorneys' fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 27, 2007.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Patricia C. Fawsett